**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JAMES AND JANET CAMPOLO,

      Plaintiffs,

          v.

ASSOCIATION OF PROPERTY
OWNERS OF THE HIDEOUT, INC.,
BRUCE COVEY, d/b/a BRUCE COVEY
BUILDERS, LENNY MAIOCCO and
LANCE MAIOCCO, d/b/a BROTHERS'
LAWN CARE,

      Defendants.

CIVIL ACTION NO. 3:CV-14-2077

(JUDGE CAPUTO)

## <u>MEMORANDUM ORDER</u>

Presently before is Plaintiffs' Motion for Leave to File Amended Complaint.  (Doc. 36) Plaintiffs James and Janet Campolo (collectively "Plaintiffs") request leave to file an amended complaint in the above-captioned case. Defendant, the Association of Property Owners of the Hideout, Inc. (the "Hideout") opposes the proposed amendment asserting the proposed amendment would be futile. Because Plaintiffs' revised proposed amendment as limited in their reply brief is not futile, not proposed with improper motive, and has not been shown to be prejudicial to the Hideout, the motion will be granted as revised and limited by Plaintiffs' Reply Brief.

## I. Background

Plaintiffs are the owners of a vacation home in the "Hideout." (Doc. 1, ¶¶ 7-9.) The Hideout is a residential community consisting of approximately 3,200 single family homes. (*Id.* ¶ 2.) The Hideout was formed and organized under the laws of the Commonwealth of Pennsylvania and the management, operation and business affairs are vested in the Hideout's officers, board of directors, administrators, and its other duly authorized employees.  (*Id.*) The Hideout properties and property owners are subject to a series of

restrictions, covenants, conditions and/or charges that are set forth in the Declaration of Protective Covenants for the Hideout ("Declaration"). (*Id.* ¶ 11.) The properties and property owners are also controlled by the Hideout Bylaws and other governing documents. (*Id*.) The Hideout has a duty and obligation to promote and protect the common interests of its members as well as the duty and obligation to construct, operate, maintain, manage, repair, upgrade, and/or replace the common areas of the development and the property owned by the Hideout. (*Id.* ¶ 12.) The Hideout also has the duty to promulgate and enforce all regulations governing the use and enjoyment of the properties and common areas. (*Id.*) The Hideout also has the duty and obligation to construct, operate, maintain, repair, replace, upgrade, and/or manage storm water runoff and/or storm water management facilities throughout the Hideout Community. (*Id.* ¶ 13.)

The Hideout failed to uphold its obligation to properly address storm water. (*Id.* ¶ 14.) The Hideout instead developed or otherwise altered the land and has discharged or allowed storm water to be discharged onto Plaintiffs' property resulting in severe damage. (*Id.* ¶ 15.) After Plaintiffs purchased their property in the Hideout, they repeatedly notified the appropriate parties of the water problems they experienced and outlined the issues in detail while providing photographs of the damage to the property. (*Id.* ¶¶ 16-17.) The Hideout took certain corrective actions, but Plaintiffs continued to experience severe water problems on their property. (*Id.* ¶ 18.) Specifically, Plaintiffs have, and continue to have, substantial flooding, ponding, pooling, erosion, sediment deposits, and other damage to the vegetation, grounds and landscaping on their property. (*Id.* ¶ 19.) In or around May 2014, runoff became so severe that it infiltrated and flooded certain areas of the Plaintiffs' basement, including the rooms where the boiler and the grinder pump/tank were kept. (*Id.* ¶ 21.) The pressure from the runoff caused or substantially contributed to the failure or the collapse of the grinder pump/tank. (*Id.*) The Plaintiffs have incurred and continue to incur

2

substantial costs, fees and expenses and have suffered a diminution in the value of the property. (*Id.* ¶¶ 23-24.)

On October 28, 2014, Plaintiffs filed a six count complaint. (Doc. 1) The complaint alleges that the Hideout (1) was negligent in that it breached its duty and obligation to properly deal with storm water runoff; (2) has continually trespassed on Plaintiffs' property and unreasonably interfered with the use and enjoyment of their land; (3) has participated in a continuing private nuisance; (4) has violated Pennsylvania's Stormwater Management Act, 32 P.S. 680.1 *et seq*.; and (5) negligently reviewed, approved or inspected the work of its duly authorized representatives. (*Id*.  at ¶¶ 41-76.) Plaintiffs further allege that Defendants Bruce Covey and Lenny and Lance Maiocco were negligent in installing the grinder pump/tank and drainage system on their property. (*Id.* at ¶¶ 77-81.)

Following the filing of answers, cross-claims and affirmative defenses by the defendants (Doc. 17; Doc. 22; Doc. 23; Docs. 25-27), the Plaintiffs filed the current motion to amend or correct the complaint. (Doc. 36.) Plaintiffs filed a brief in support their motion. (Doc. 37) The Hideout filed a brief in opposition. (Doc. 38) Plaintiffs then filed a reply brief that revised and limited their request to amend/correct the original Complaint. (Doc. 39) The motion is fully briefed and ripe for disposition.

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs seek to amend or correct their original complaint to include a breach of contract claim against the Hideout alleging that the Hideout breached its duties and obligations under the governing documents.  (Doc. 36 at ¶¶ 6-8.) Certain documents were provided to the Plaintiffs during mediation. (*Id.* ¶ 6.) Plaintiffs assert that, upon review of the documents, "it is now apparent that the Hideout's duties and obligations relating to the lack of storm water management and inspection failures at issue in the original complaint are governed by the provisions of these additional

documents when read in conjunction with the Hideout's Declaration of Restrictive Covenants and By-Laws." (Doc. 37, 2.)  Plaintiffs further assert that justice requires that they be permitted to file an Amended Complaint; that the Hideout will not be unfairly or unduly prejudiced by the amendment; and the proposed amendment is not futile, grounded in bad faith, or done with an improper or dilatory motive. (*Id.* at 3-4.) The Hideout opposes Plaintiffs' requested amendment only on the basis that the amendment would be futile, and does not argue that Plaintiffs' motives are improper or that it would be prejudiced by the amendment. (Doc. 38, 2.) In reply, Plaintiffs claim that the Hideout does not challenge their motion to amend as it relates to the Hideout's failure to properly manage storm water and storm water runoff in the development, but only with regard to Plaintiffs' breach of contract claim based on the Hideout's alleged "failure to properly monitor, supervise, and/or inspect the initial construction of the Subject Property now owned by Plaintiffs." (Doc. 39, 2.) Plaintiffs have agreed to voluntarily withdraw any allegation of breach of contract as it relates to the Hideout's purported obligation to and failure to inspect their premises. (*Id.* at 3.) The revised proposed breach of contract claim would be premised on the Hideout's purported "failure to properly manage storm water and storm water runoff in the development." (*Id.*)

Federal Rule of Civil Procedure 15(a)(2) provides:"a party may amend its pleading only with the opposing party's written consent or the court's leave [and] [t]he court should freely give leave when justice so requires." However, a "district court may deny leave to amend a complaint where 'it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.'" *Fehr v. Sus-Q Cyber Chapter Sch.*, 2015 WL 769721, at *1 (M.D. Pa. Feb. 23, 2015)(citing *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000); *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962))

4

(Saporito, M.J.). Futility, when addressing amendment, means "the complaint, as amended, would fail to state a claim upon which relief could be granted" and "the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997); 3 Moore's Federal Practice, supra* § 15.15[3], at 15–47 to –48 (3d ed.2000)).

The Plaintiffs seek to assert liability against the Hideout for breach of contract based on documents they allege form the basis for a contractual obligation on behalf of the Hideout. The paragraphs of the proposed amended complaint at issue are as follows:

> (43)   the Hideout breached its duties and obligations under the aforesaid Contract Documents by failing and/or refusing to properly construct, operate, maintain, repair, replace, upgrade and/or manage storm water, storm water runoff and/or storm water management facilities in the development, and by failing and/or refusing to properly construct, operate, maintain, repair and/or replace the common areas of the development, including the aging infrastructure and roadways in the development which caused and/or contributed to said water and storm runoff.

(Doc. 36-1, *Proposed Amended Complaint*, 20 ¶ 43.)

> (46)   The Hideout further breached the Contract Documents by failing to properly and/or timely enforce all conditions, covenants, declarations, codes and/or regulations governing the construction, use and enjoyment of the Subject Property as set forth more fully above.

(Doc. 36-1, *Proposed Amended Complaint*, 20 ¶ 46.) Plaintiffs claim that the breach of contract claim is appropriate because, after reviewing the additional provided documentation, "it is now apparent that the Hideout's duties and obligations relating to the lack of storm water management and inspection failures at issue in the original Complaint are governed by the provisions of these additional documents when read in conjunction with the Hideout's Declaration of Restrictive Covenants and By-Laws." (Doc. 36, ¶ 7.)

In opposition, the Hideout asserts that the Plaintiffs now seek to impose liability on the Hideout "based on its purported 'violation of the Contract Documents relating to the approval, construction, supervision, and/or inspection of properties in the development' and various claimed defects in installation at the premises." (Doc. 38, 6.) The Hideout asserts

that any attempts to impose liability on the Hideout based on "approval, construction, supervision, and/or inspection of properties" is explicitly barred by other provisions of the documents at issue. (Doc. 38, 5.) The Hideout further argues that the contract the Plaintiffs now seek to assert was between the builders and the prior owners and despite Plaintiffs' acknowledgment that the contractor caused the defects in the drainage and foundation of the property, the Plaintiffs now "attempt to place liability on the Hideout based on the Contract Documents." (Doc. 38, 6.) Finally, the Hideout asserts that "[a]ny failure to inspect the construction occurring on the property, which is denied, would not be sufficient to create a cause of action for breach of contract against the Hideout." (Doc. 38, 6.)

Upon review of Plaintiffs' second proposed amended complaint (Doc. 39-3), the breach of contract claim is limited to the Hideout's alleged failure to properly manage storm water within the development and not with regard to the approval of plans, inspection of the premises or any construction of the premises themselves. As the Hideout did not specifically oppose Plaintiffs' proposed amendment to add a claim for breach of contract as to the development as a whole, I will allow Plaintiffs to file the second proposed amended complaint. The claim is based on the documents that purportedly control and Plaintiffs seek to add a claim based on the same factual allegations set forth in the original complaint. The second proposed amended complaint is not being proposed by Plaintiffs with improper motives, the Hideout would not be prejudiced by the amendment, and it is not clear that the second proposed amended complaint would be futile. Therefore, Plaintiffs' motion to amend or correct the complaint as revised and limited by their reply brief will be granted.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint is **GRANTED** as revised and/or limited by Plaintiffs in their Reply Brief. Accordingly, in accordance with Middle District Local Rule 15.1(a), the Clerk is hereby directed to file the revised Amended Complaint attached as Exhibit "2" to Plaintiffs' Reply Brief in Support of their Motion for Leave to file an Amended Complaint and Defendants are hereby directed to file an Answer to the aforesaid Amended Complaint within fourteen (14) days of the date of this Order.


July 27, 2016                                              /s/ A. Richard Caputo
Date                                                            A. Richard Caputo
                                                                  United States District Judge